The Gulf, Colorado & Santa Fe Railway Company v. J. W. Brown.

No. 312.

1. **Fact Case—Jumping from Moving Train.**—Brown, a passenger on appellant's road, desired to stop at McGregor. The train stopped but thirty seconds, and started. Brown, wanting to debark, was told by a brakeman that it was safe to do so, and to get off; the train seemed to be moving slowly; it was dark, and the platform appeared to be the prairie. Brown, jumping off, struck the platform, and was seriously injured. Verdict and judgment for plaintiff for $3362 affirmed as sustained by the facts.

2. **Failure to Define Negligence — Carrier of Passengers.** — The duty to be observed by a railway company carrying passengers is the highest degree of care. The failure to define the degree of care when the highest is imposed by law upon the carrier can not well be complained of by the carrier, although if the judgment had been against the passenger it might be ground for reversal.

3. **Want of Care by Injured Party.**—The use of patent medicine by the plaintiff upon his hurts is no evidence of want of care in treating his injuries. A patent medicine may or may not be a curative agent. The defendant anointed his wounds with Wizard Oil.

Appeal from McLennan. Tried below before Hon. L. W. Goodrich.

*Alexander & Clark* and *J. W. Terry*, for appellant, cited: Express Co. v. Darnell, 62 Texas, 639; Jackson v. Deslonde, 1 Posey's U. C., 674; McCauley v. Long & Co., 61 Texas, 74; Railway v. Levy, 59 Texas, 542; Loving v. Dixon, 56 Texas, 750; Railway v. Leslie, 57 Texas, 83; Railway v. Hassell, 62 Texas, 260; Railway v. Bracken, 59 Texas, 71; Railway v. Greenlee, 62 Texas, 344; Railway v. Graves, 59 Texas, 330; Railway v. Nixon, 52 Texas, 19; Barkley v. Tarrant County, 53 Texas, 251; Potter v. Wheat, 53 Texas, 401; Railway v. Phillips, 63 Texas, 590; Willis & Bro. v. Kirbie, 1 Posey's U. C., 304; Whitsett v. Miller, 1 Posey's U. C., 203; Railway v. Cole, 66 Texas, 562; Railway v. Coon, 7 S. W. Rep., 492; Cool. on Torts, 674.

*Clark, Dyer & Bolinger*, for appellee, cited: Flannagan v. Boggess, 46 Texas, 331; May v. Ferrill, 22 Texas, 340; Bryant v. Kelton, 1 Texas, 434; Daily v. Starr, 26 Texas, 562; Bohannon v. Hans, 26 Texas, 445; Railway v. Smith, 59 Texas, 406; Railway v. Dorough, 72 Texas, 108.

FISHER, Chief Justice.—Plaintiff alleged, that as a passenger he got aboard defendant's southbound train at Morgan, with the intention of going to McGregor, on January 19, 1890; that both of said places were regular stations, and that he paid fare, etc.; that just before the train reached McGregor, the name of the station was called out, and he prepared, with diligence, to get off, but before he could alight, the train had stopped and again started, not having stopped as long as thirty seconds; that he asked defendant's brakeman on said train if that was the depot or place to get off.   Being answered that it was, the said brakeman then took hold of plaintiff's sleeve and told him to get off; that at the time plaintiff was so told to jump off, the train was moving apparently slow; that there were no lights at said depot; that when plaintiff jumped from said train, which was immediately upon his being advised and directed so to do by said brakeman, it appeared to him that it would be safe to do so, and that but for the direction to alight by defendant's agent, and but for it appearing safe to alight to plaintiff, he would not have done so. The defendant made no effort to stop said train, but simply directed appellee to jump off.   That appellant's platform at the time plaintiff jumped, owing to want of proper lights, appeared to be the prairie.   That he struck the platform on his shoulder, breaking his shoulder and collar bone, by reason of which he suffered damage, in amount to loss of time, $50; expenses in medical treatment, $5; physical injury and mental suffering, $10,000.

Defendant, besides a general denial, pleaded contributory negligence; that the negligence imputed to the defendant was not the proximate cause of the injury, and that plaintiff had not secured proper treatment or taken proper care of himself, thereby aggravating his injuries.

A jury trial resulted in a verdict for .plaintiff in amount $3362, for which judgment was rendered.

*Opinion.*—We find that the appellee was a passenger on board the appellant's train when injured, as alleged, and that he was injured without fault or negligence upon his part, in the manner and form as stated in his petition, by reason of the negligent conduct of the appellant, as stated in the petition; and that the appellant was guilty of negligence in its conduct towards appellee as alleged; and that the verdict of the jury is supported by the evidence; and that there is no evidence in the record showing that the appellee, after he received said injuries, did not use proper care and caution in the cure of himself.

There is no merit in appellant's third and fourth assignments of error, and the evidence of the witness Albright objected to is harmless. The court excluded that part of his evidence in which he undertook to give his opinion as to the duties of the conductor. He did not testify that the conductor was present, and stated that he did not know whether the conductor was there or not.

Our findings of fact dispose of the eleventh assignment of error. The question of contributory negligence, under the circumstances, was a question for the jury. The train was not going at such a rate of speed that would render the danger of leaping from it obvious and apparent. It was a question of fact for the jury, and the evidence supports their verdict in this respect.

We do not think there is any merit in the contention that the charge of the court is erroneous because it failed to define negligence; nor is it subject to the objections that it does not inform the jury under what circumstances they may find for the appellant or for the appellee. The charge did not specifically define negligence as relates to the duty of the appellant; but instructed the jury, that they could only find for the plaintiff, " if they found from the evidence that said injuries were caused wholly by the negligence of the defendant, as alleged by plaintiff." The petition in terms alleged the facts constituting the negligent conduct of the appellant, and alleged that such acts were negligence upon the part of the appellant. But it seems to us, if it is the duty of the trial court in cases of this character to define negligence in its charge to the jury, that the failure to do so in this case was harmless error, for which the appellant can not complain. The charge defined the extent of care imposed upon the appellee, and gave to the jury, in effect, a definition of contributory negligence. The duty to be observed by the appellant in its conduct to its passengers is the highest degree of care; and if the charge had defined the negligence of the carrier that would make it liable, it would have imposed upon it the high degree of care exacted by the law. The failure to define the degree of care when the highest is imposed by

law upon the carrier, could not well be a matter of complaint by the appellant, but might be reversible error if the verdict had gone against the plaintiff and he had complained of the charge for that reason.

But the facts in this case clearly show that the appellant was wanting in ordinary care in its conduct towards the appellee, and was guilty of negligence in the manner stated; and under the circumstances, we do not see how the failure of the court to instruct the jury as to higher degree of care upon the part of appellant, which he should have instructed them if he had charged upon this subject, could be reversible error.

The sixth and seventh assignments of error are too general to be considered.

The ninth assignment of error is not well taken, because there are no facts in the record that would warrant the court in submitting the issue stated in appellant's special charge requested and refused. There is no evidence showing that the appellee did not exercise reasonable care and caution in the cure of himself. The fact that he used and applied to his hurts a patent medicine is not evidence of the want of care in treating his injuries. A patent medicine may or may not be a curative agent. There ought to be some evidence upon this point before an issue of fact is raised.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered October 25, 1893.