ROBERT ROGERS v. JOHN B. CRAIN ET AL.

The expressions of a person afflicted with bodily pains or illness relative to his health and sensations are in their nature original evidence, such expressions being ordinarily the natural consequence and outward indication of co-existing suffering. Such declarations, if made to a medical man, are of greater weight as evidence; but if made to any other persons, they are not on that account to be rejected.

Inquiries by medical men, and the answers to them, are evidence to show the state of health of the individual, and it is admissible from the very nature of the thing. So, in an action for assault and battery, what the plaintiff has said to his surgeons of what he has suffered from the assault is competent evidence.

When the object is to show the condition of health of a person, it is competent to prove how he looked, how he acted, and of what he complained. This is natural evidence, or the evidence of facts, as distinguished from personal evidence or the testimony of witnesses.

The admissibility of evidence of this character depends upon whether the pain or suffering or bodily condition complained of is contemporaneous or co-existing with the declarations.

These rules were applicable to the statements of slaves, as to their diseases, although they could not be witnesses. They were not their statements, but a part of the *res gesta*.

The opinion of a medical man is evidence, *per se*, upon the state of a person's health, and the grounds of his opinion, which may be partly the answers of the patient to his inquiries, are admissible collaterally in evidence to support and explain his opinion.

The opinion of a medical man, that his patient died of a disease, the character of which he stated, is admissible evidence, although he had not seen the patient for two weeks before her death. It was an opinion upon a question of science and skill, by a medical witness, founded upon facts within his own knowledge.

The burden of proving a witness incompetent is upon the objector. The mere fact that the witness probably could not know whereof he speaks does not render him incompetent. It is a question of credibility.

The opinions of persons who are not medical witnesses, as to the character of a disease, are not to be received.

Where there was conflict of evidence and material evidence which proved the plaintiff's case was excluded, he is entitled to a new trial. (Paschal's Dig., Art. 1470, Note 566.)

ERROR from Harrison. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

The suit was against the heirs of Giles B. Crain, on the warranty of the soundness of a slave, Clarissa, who was alleged not to be sound, but to have died of a disease which was concealed from the purchaser.

The points decided turned upon the bill of exceptions of the plaintiff below, in excluding evidence. There was much evidence excluded, besides that passed upon by the court, but the opinion sufficiently sets forth the objections to the evidence and the rulings thereon.

The instructions and facts seem to be immaterial. It is enough to say, that the evidence allowed to go to the jury was contradictory. The verdict was for the defendants, and the plaintiffs appealed.

No briefs of counsel have been furnished to the *Reporter.*

COKE, J.—This is an action by the plaintiff in error in the district court of Harrison county, brought to recover damages for an alleged breach of warranty of soundness of a slave sold by the father of the defendants in error, since deceased, to the plaintiff in error, the defendants in error having received and partitioned among themselves the estate of their deceased father, by virtue of his last will, without resort to the probate court. There were a verdict and judgment for the defendants in error, and the cause is brought to this court by writ of error.

It is assigned that the court below erred in excluding testimony, as shown by the bill of exceptions, and in overruling the motion for a new trial.

It is assigned that the court erred in excluding part of the answer to the fourth interrogatory propounded to J. D. Martin. The part of the answer excluded is in these words: "The negro woman informed me that she had been suffering from profuse hemorrhage." This was objected to by the defendants, on the ground that the "statements of the negro were not competent testimony," and the objection

was sustained by the court. We are of opinion that this ruling was erroneous. The witness, Martin, was a practicing physician, and this statement was made to him while visiting and treating the slave Clarissa professionally during her sickness. The expression of a person afflicted with bodily pain or illness, relative to his health and sensations, are in their nature original evidence, such expressions being ordinarily the natural consequence and outward indication of co-existing suffering. Such declarations, if made to a medical man, are of greater weight as evidence; but if made to any other person, they are not on that account to be rejected. (1 Greenl. on Ev., § 102; 1 Phill. on Ev., 180, and note.)

Inquiries by medical men, and the answers to them, are evidence to show the state of health of the individual, and it is admissible from the very nature of the thing. So, in an action for assault and battery, what the plaintiff has said to his surgeon of what he has suffered from the assault is competent evidence. (Aveson v. Lord Kenniard, 6 East., 188; Roulhac v. White, 9 Ired., 65)

Such evidence is admissible as part of the *res gestæ.* When the object is to show the condition of health of a person, it is competent to prove how he looked, how he acted, and of what he complained. This is natural evidence, or the evidence of facts, as distinguished from personal evidence, or the testimony of witnesses. (Biles v. Holmes, 11 Ired., 21.)

In order to ascertain the mental condition of an individual, his conversation at different times, as well as his looks and acts, may be proved. Upon the same principle, in order to ascertain his bodily condition, his complaints and declarations of contemporaneous pains and sufferings are admissible in evidence. It is for the jury to determine whether these expressions of pain are real or feigned. (Rowland v. Walker, 18 Ala.; Biles v. Holmes, 11 Ired., 21.)

The admissibility of evidence of this character depends

upon whether the pain, or suffering, or bodily condition complained of, is contemporaneous or co-existing with the declaration.    If it be a narrative by the patient of a past or former condition, or of the earlier symptoms of the disease, the declaration should not be received in evidence, because then it is not an outward indication of a present existing fact, and consequently not a part of the *res gestæ*.    (1 Phil. on Ev., 183.)

An application of these principles, which seem to be well settled, to the testimony in question, if the statement had been made by a white person instead of a negro, would be decisive in favor of its admissibility.    The woman, Clarissa, when she made the statement, was suffering from disease, and was under the medical treatment, of the witness, seeking relief, and although her language was, that she "had been" suffering from hemorrhage, yet it is evident that she referred to her then condition as one of the consequences of the hemorrhage, which brings the declaration fully within the rule.    Another portion of the same answer of the witness Martin shows that he founded his opinion of Clarissa's disease partly on this statement.    The opinion of a medical man is evidence, *per se*, upon the state of a person's health, and the grounds of his opinion, which may be partly the answer of the patient to his inquiries, are admissible collaterally in evidence to support and explain his opinion. (Kinnaird v. Aveson, *supra;* Grey v. Young, 4 McCord, 38; Tumey v. Knox, 7 Monr., 88.)

If the statement in question had been made by a white person, it would have been clearly admissible.    We are of opinion that it is equally admissible, though made by a slave.

Evidence of this character is admitted from either only on the ground of necessity, and because it forms a part of the *res gestæ*.    The principle is the same, whether the declaration be made by a white person or a slave.    It is in

no sense the testimony of the party making the declaration. It is the verbal act of the party, which, like any other act that is indicative of his condition of health, may be proved when the state of his health is the subject of inquiry.

The prohibition of law upon persons of color testifying against white persons does not apply. (Grey v. Young, 4 McCord, 38; Rowland v. Walker, 18 Ala.; Rowlac v. White, 9 Ired., 65; Biles v. Holmes, 11 Ired., 21.)

The witness Simmons, who was a practicing physician, and had treated the woman Clarissa during her sickness, was asked, in the ninth interrogatory propounded to him, whether or not she died from a continuation of the disease he found her laboring under. To which he replied, "I presume she did, as there were causes then in action (when I saw her) sufficient to produce death. I did not see her for near two weeks prior to her death." Upon the objection of the defendants, this answer was excluded by the court, on the ground, as appears from the bill of exceptions, "that it is presumption and not his knowledge to which the witness testifies, and because the answer shows that the witness knows nothing of the time, manner, or circumstances of the woman's death."

We are of opinion that the objection is not well founded, and that the court erred in excluding the testimony. While, as a general rule, it is well settled that a witness must speak to facts, and that his mere opinion is not evidence, it is equally well settled that, upon questions of science and skill, men who have made the subject-matter of inquiry the object of their particular study are competent to give their opinions in evidence. Such opinions must, however, be deduced from facts in evidence before the jury, but they need not be within the personal knowledge of the witness whose opinion is given. The opinion may be founded on the statement of facts proved by others. Thus, in prosecutions for murder, medical men are allowed to state their

opinion, whether the wounds or injuries described by other witnesses were likely to be the cause of death. (1 Phil. on Ev., 778; 1 Greenl. on Ev., § 440.)

The witness, in his previous answer, had described the disease and its symptoms under which the negress was laboring, and to these he obviously referred in his answer as "the causes in action sufficient to produce death."

The answer is in substance the expression of an opinion that the disease under which the woman was laboring, and which he had previously described, was likely to produce death. If, upon the proof of the same facts by another witness, the opinion would have been admissible in evidence, as it clearly would have been, it would seem, for a stronger reason, to be admissible when the facts were within the personal knowledge of the witness himself.

The court clearly erred in sustaining the objections of defendants to the answers of the witness Bethany Rogers, and excluding them from the jury. They were excluded on the ground, as shown by the bill of exceptions, that the witness was not present at the time of the purchase of the negro by Rogers from Crain, and, therefore, that she could not have had a personal knowledge of the sale. Upon this ground the answer to the second interrogatory was excluded, and the balance of the deposition was excluded because the second answer had been, on account of a supposed dependence of the other answers upon the second. If the second answer had been properly excluded, it by no means follows that it should not have been referred to, if necessary, for the purpose of rendering those succeeding it intelligible. Whether this necessity existed or not it is unnecessary to inquire, as it is very clear that the second answer was improperly ruled out. The witness swore positively to the purchase of the negress, Clarissa, by Rogers from Crain. Her source of information could have been ascertained by the defendants by proper cross-interrogatories. She may have acquired a knowledge of the

xxx—19

transaction in various modes. Crain may have informed her of it. She may have heard him speak of it as a fact to others. The burden of making out that a witness is incompetent lies on the party making the objection. It has been held to be no objection to the competency of a witness that the facts to which he swears positively are of such a nature that they could not be within his knowledge; that such an objection goes only to his credibility. (Thompson v. Stewart, 3 Conn., 171.) The objections to the testimony of the witness Rogers go to its credibility, and not to its competency. The defendants failed to establish her incompetency, and the evidence should have been admitted to the jury.

The court below also sustained the objections of defendants to the eighth answer of Benjamin Pleasant and the fifth answer of Stephen Rogers. The two answers convey the same meaning, and are to the effect, that "from all appearances Clarissa's disease was one of a chronic character." We are of opinion that these answers were properly excluded by the court. It is not pretended that these witnesses are medical men, or that they come within the exception to the general rule, which admits in evidence the opinions of men of science and skill. It is true that there are cases where the question is not one of science and skill, in which witnesses who are not men of science and skill are permitted to express their opinions. (Cooper v. The State, 23 Tex., 337.).

But this is manifestly not a case of that character. An unskilled witness may well be permitted to depose that the appearance of a person indicates bad health; but medical skill is required to determine whether the causes producing this appearance are recent or of long standing. The facts on which the opinions of these witnesses are based are not stated, without which, as we have seen, their opinions would not be admissible, even if they were medical men.

The question in controversy in the case is, whether or

not the disease of which Clarissa died was of sufficient long standing to embrace the time of her purchase by Rogers, when the warranty of soundness was made by Crain. The objectionable part of these answers, if admitted as evidence, and credited by the jury, would have been decisive of the issue.   They were clearly inadmissible.

On the trial of this case below, its decision depended peculiarly upon questions of fact, the credibility of witnesses, and the weight to be given to evidence.   The testimony was conflicting, and it is difficult to say on which side it preponderated.   The evidence offered by the plaintiff, and improperly excluded by the court, is material, and goes directly to the issue.   We cannot undertake to say that the jury would not have been influenced by it if admitted.   Under such circumstances, it has been uniformly held by this court that a new trial should be granted. (Todd v. Dysart, 23 Tex., 597;  Cooper v. The State, 23 Tex., 449.)

Because of the erroneous ruling of the court, excluding testimony offered by the plaintiff, the judgment is reversed, and cause

REMANDED.