MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. R. L. McELREE.

Delivered April 10, 1897.

1. **Admission of Evidence—Conclusion of Witness.**

Admission of testimony of a plaintiff suing for injuries received in alighting from a train, that he stepped off carefully, is not prejudicial error, on the ground that it is a mere self-serving conclusion, where he has stated all the facts, giving every detail and everything done by him, and has been rigidly cross-examined.

2. **Charge of Court—Railroad Company—Insurer of Passenger's Safety.**

A charge as to the duty of a railroad company to stop its train a sufficient length

of time to allow a passenger to leave the same in safety is not erroneous as making the company an insurer of the passenger's safety.

**3.  Same—Same—Injury in Alighting from Train.**

In an action for injuries to a passenger in alighting from a train, a charge that if defendant used ordinary care in stopping its train to allow plaintiff sufficient time by the use of ordinary diligence to leave the train in safety, and plaintiff failed to use such diligence to leave said train as a man of ordinary prudence would have used under like circumstances, and the want of care, if any, on his part was the immediate proximate cause of his injury, the jury should find for the defendant, is not subject to complaint on the part of defendant.

**4.  Same—Negligence—Pleading.**

Where plaintiff sued for injuries received in alighting from defendant's train, and his petition alleged that the train did not stop long enough to allow him to alight in safety, and that just as he was alighting the train was suddenly and violently started, throwing him to the ground, negligence of the defendant is predicated upon both the insufficiency of the stop and the suddenness of the start, and a charge covering the former point is properly based on the pleadings.

**5.  Same—Railroad Company—Injury in Alighting from Train.**

In an action for injuries to a passenger in alighting from a train, a charge that if, at the time he attempted to leave it, it was running at such speed as to render it unsafe for him to so attempt, and that his effort to leave the train was the immediate proximate cause of his injury, he can not recover, is not erroneous as requiring the jury, before finding in favor of defendant, to find that plaintiff attempted to leave the train when it was running at such speed as to make it unsafe and negligent to attempt to leave the train while it was so moving, when in almost the very language of the answer.

**6.  Same—Personal Injuries—Measure of Damages.**

A charge to the jury to find damages, "considering all the facts and circumstances of the case," is not objectionable as failing to confine the jury to what they believe the evidence showed.

APPEAL from Johnson.   Tried below before Hon. J. M. HALL.

*T. S. Miller* and *Stanley, Spoonts & Thompson,* for appellant.—1. The testimony complained of was a mere opinion and conclusion of the witness, and self-serving.   Railway v. Reason, 61 Texas, 613; Railway v. Miller, 8 Texas Civ. App., 242.

2.  The charge of the court declared it to be the duty of the company to stop the train long enough to enable plaintiff to leave the same in safety, thus making the company an insurer.   Railway v. Williams, 82 Texas, 342; Railway v. Huffman, 83 Texas, 286; Railway v. McCoy, 38 S. W. Rep., 36.

3.  Under the charge, before the jury were warranted in finding a verdict for the defendant on the ground of contributory negligence of appellee, they were required to find that plaintiff attempted to leave the train when it was running at such speed as to make it unsafe for him to attempt to leave it, and that plaintiff, while the train was so moving, negligently attempted to leave the train.   Railway v. Wylie, 33 S. W. Rep., 771.

4.  The charge of the court failed to confine the jury to what they believed the evidence showed in assessing damages for the injuries received.   Railway v. Ormond, 62 Texas, 274; Railway v. Le Gierse, 51 Texas, 189; Railway v. Worthy, 29 S. W. Rep., 377; Hawes v. Stock

Yards, 15 S. W. Rep., 751; Railway v. Head, 15 S. W. Rep., 504; 2 Thomp. on Trials, sec. 2060.

*D. W. Odell* and *Ramsey & Brown*, for appellee.—1. If the testimony complained of was the statement of the conclusion or opinion of the witness, the witness having stated all the facts, and the facts being also proved by other witnesses, the admission of the evidence was harmless and affords no grounds for reversing the case. Smith v. Eckford, 18 S. W. Rep., 214; Railway v. Smith, 11 S. W. Rep., 1104; Langworthy v. Township of Green, 50 N. W. Rep., 130; Pennsylvania Co. v. Friend, 30 N. E. Rep., 1116; Brewing Co. v. France, 57 N. W. Rep., 959; Underhill on Ev., sec. 186, pp. 265, 266.

2. The charge of the court was not subject to the criticism that it made appellant company an insurer of appellee's safety, but it was a correct statement of the law as to the obligation assumed and duty owed by appellant to appellee. Railway v. Miller, 27 S. W. Rep., 905; Railway v. Viney, 30 S. W. Rep., 252; Railway v. Kennedy, 35 S. W. Rep., 335; Railway v. Russell, 28 S. W. Rep., 1042; Railway v. Hubbard, 37 S. W. Rep., 25; Fordyce v. Dillingham, 23 S. W. Rep., 550; Ridenhour v. Railway, 13 S. W. Rep., 889; 14 S. W. Rep., 760; Railway v. Reeves, 11 S. W. Rep., 464.

LIGHTFOOT, CHIEF JUSTICE.—The statement of the case by appellant is substantially correct, as follows:

"By petition filed in the District Court of Johnson County, Texas, R. L. McElree sought to recover damages of the Missouri, Kansas & Texas Railway Company of Texas, complaining that on July 6, 1895, he boarded one of the trains of defendant at Alvarado, Texas, to go to the town of Burleson, having a first-class ticket over said road to said point. He alleged, that when said train reached Burleson he made proper dispatch to alight therefrom, but it did not stop long enough to allow him to alight from said train in safety, but that said train barely stopped moving in the town of Burleson, and that just as he was in the act of alighting from the platform of the cars attached to said train, and while using reasonable care, etc., the employes operating said train negligently and without notice to him started said train in motion, suddenly and violently throwing him to the ground; that the act of the employes in not stopping said train was negligent, and that by reason of their negligence in not stopping said train a reasonable length of time to permit him to alight therefrom in safety, and by reason of the negligence of the employes of said company in starting said train suddenly and without notice as he was alighting therefrom, he was caused to be thrown violently and suddenly to the ground, inflicting serious personal injuries upon him. He complained that his injuries were permanent and caused him a great deal of pain, and had diminished his capacity to earn a living, and that he had also been unable, since the infliction of same, to perform any work, for all of which he sued.

"Defendant company answered by general denial, and special plea that if it was negligent in failing to stop said train, yet plaintiff ought not to recover, for the reason that after he had discovered that the train would not stop a reasonable length of time to enable him to alight, he, knowing said train was in motion, negligently and willfully jumped and alighted from the same while in motion, which negligent act caused and contributed to the accident, and but for same plaintiff would not have been hurt."

Upon the trial of the case plaintiff recovered judgment in the sum of $3000, from which the railway company appeals.

The allegations in plaintiff's petition were sustained by the evidence. It was shown that at the time alleged in said petition appellee purchased a first-class ticket over appellant's road from Alvarado to Burleson; that when the train reached Burleson it did not stop at the depot a sufficient length of time to enable appellee to alight in safety; that he used reasonable diligence to disembark from said train, and that when he reached the platform the train was moving off; that he used such care as a person of ordinary prudence would have used under like circumstances, and believed that he could disembark in safety, and in the attempt to do so was injured to the full amount found by the verdict and judgment, and such injuries were caused by the negligence of appellant in failing to stop its train a reasonable length of time at Burleson to allow appellee to disembark.

1. The first point presented by appellant is under its second assignment of error, and under it appellant objects to that portion of the testimony of appellee in which, after describing his efforts to leave the train at Burleson, he used the following language: "I stepped off carefully."

It is claimed by appellant that this was a conclusion of the witness, and was self-serving. The witness had stated all the facts, was rigidly cross-examined by appellant's counsel, stated every detail, giving everything done by him, and the facts surrounding the transaction were fully shown.

We can not see that any injury could have resulted to appellant by reason of the language used. As was said by our Supreme Court in the case of Smith v. Eckford, 18 Southwestern Reporter, 214, "The witness having stated all the facts, and they being proved by other witnesses also, upon which his conclusion, if it be such, was predicated, the admission of the evidence becomes immaterial and harmless. * * * If its admission was erroneous, the ruling was harmless, and the error was not a reversible one."

2. Under the third assignment of error complaint is made of the following charge of the court: "That if you believe from the evidence that the plaintiff was a passenger on the train of the defendant, as alleged in his petition, and shall further believe from the evidence that when said train reached the town of Burleson the employes in charge of said train negligently and carelessly failed to stop said train a sufficient length of

time to allow plaintiff to leave the same in safety, and that by reason of said negligence, if any, the plaintiff was injured, as charged in his petition, you will find for the plaintiff damages, if any, as hereinafter instructed, unless under the evidence and the instructions hereinafter given you find for the defendant."

It is insisted by appellant that this charge makes the company an insurer of the safety of the passenger in attempting to alight. The charge is not open to this criticism. For the court to state the duty of appellant to stop the train a sufficient length of time to allow plaintiff to leave the same in safety does not make the company an insurer of the safety of the passenger. It is the company's duty to stop its train at stations a sufficient length of time to allow its passengers to disembark with safety. The court did not charge that it was the company's duty to see that the passengers left the train in safety. Another portion of the court's charge which we will refer to places this matter beyond question. Railway v. Miller, 27 S. W. Rep., 905; Railway v. Viney, 30 S. W. Rep., 252; Railway v. Hubbard, 37 S. W. Rep., 25.

3. Appellant also complains, under its fourth assignment of error, on the ground that the submission of the failure of the employes to stop the train a sufficient length of time to enable plaintiff to leave the same in safety was a submission of an issue not made by the pleadings. This assignment is not well taken.

4. Under the fifth assignment of error complaint is made of the following charge: "You are further instructed, that if you believe from the evidence that the defendant used ordinary care, as above explained, in stopping said train, to allow plaintiff sufficient time, by the use of ordinary diligence, to leave said train in safety, and that plaintiff failed to use such diligence to leave said train as a man of ordinary prudence would have used under like circumstances, and that the want of such care, if any, on his part was the immediate proximate cause of his injury, then you will find for the defendant."

The above charge was really very favorable to appellant, and presents the question to the jury clearly and fairly; and in connection with the charge above quoted, we can not see how any complaint can be made of it by the appellant. This assignment is wholly without merit.

The sixth assignment complains further of this paragraph of the charge, because it is claimed that there were no pleadings upon which to base the issue as to whether or not the train was stopped a sufficient length of time to allow the appellee to alight, but that the issue under the pleading was as to whether or not the train started suddenly while plaintiff was in the act of alighting. Both of the points were clearly made in the pleading, and the court did not err in submitting the above point clearly to the jury.

5. Under the seventh assignment of error appellant complains of the following paragraph of the court's charge: "You are further instructed, that if you believe from the evidence that at the time plaintiff attempted to leave said train that it was running at such speed as rendered it

unsafe for plaintiff to attempt to leave the train, and that plaintiff did while the train was so moving negligently attempt to leave said train, and that his effort so to do was the immediate proximate cause of plaintiff's being injured, then you are instructed that he can not recover in this case, and you should find for the defendant."

It is insisted by the appellant that, under the above charge upon the question of contributory negligence, before the jury could find in favor of the appellant upon that ground, they were required to find (1) that the plaintiff attempted to leave the train when it was running at such speed as to make it unsafe for him to do so; (2) also, that he negligently attempted to leave the train while it was so moving. An examination of the issue of contributory negligence as presented in the defendant's answer will show that defendant presented the issue that plaintiff ought not to recover, because, after he had discovered that defendant had not stopped its train a reasonable time to allow him to alight, he, with this knowledge, and knowing that the train was in motion, negligently and wilfully jumped from the same while it was in motion, and that said negligent act caused and contributed to the accident; and that but for such negligence plaintiff would not have been hurt. The defense presented was, in brief, almost in the very language of the charge by the court; that is, that if plaintiff, with knowledge of the facts, negligently attempted to leave the train while in motion, he can not recover. The appellant ably argued and collated the authorities upon the question, but after a careful examination of them we find no error in the above charge. Railway v. Smith, 59 Texas, 406; Railway v. Buford, 21 S. W. Rep., 272; Railway v. Brown, 23 S. W. Rep., 618.

6. The ninth assignment of error complains that the court failed to give the jury a correct charge upon the effect of contributory negligence. We hold that the above charge as given was correct, and if appellant desired further instructions it should have requested them.

7. The tenth assignment of error complains of the fifth paragraph of the court's charge, on the ground that the court failed to confine the jury to what they believed the evidence showed, in assessing damages for the injuries received. The charge of the court upon this point was as follows: "If you find for the plaintiff, you will assess his damages at such sum as will reasonably compensate him for the physical and mental suffering, if any, caused to him, and his decreased capacity to earn money, if any, *considering all the facts and circumstances of the case,*" etc. This assignment is not well taken.

8. Under the fifteenth assignment of error, complaint is made at the refusal of the court to give special instruction number 5 requested by defendant. This requested charge is almost in the identical language of the third paragraph of the court's charge as given, and quoted above. The degree of care required of a passenger in attempting to leave the train having already been fully and fairly presented to the jury, it was not error to refuse the additional charge requested.

The remaining assignments of error attack the verdict of the jury, but

it is unnecessary for us to consider them in detail. The verdict is supported by the evidence, and was not excessive.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.