GEORGE R. DAVIS ET AL. V. HANNAH E. DAVIS ET AL.

Decided January 11, 1899.

**1. Evidence—Opinion.**

Testimony of a witness that she knew the financial condition of a person when he came to Texas, that he had nothing then, and had nothing since, is not inadmissible as a mere conclusion.

**2. Same—Facts Stated with Conclusion.**

Statement of a witness that a person was insolvent is harmless error where he had in the same connection stated facts showing such insolvency.

**3. Practice on Appeal—Charge—Submitting Issue.**

A party who suggests an issue and requests it to be submitted can not complain of a charge properly framed with reference to such issue and request, on the ground that there was no such issue in the case.

**4. Limitations—Repudiation of Trust—Notice—Record of Deed.**

An act of repudiation by a tenant in common of the title of his cotenant by a conveyance to his wife, although it be recorded, does not start the running of the statute of limitations until the party affected knew of such act, or until circumstances reasonably charged him with knowledge of it.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Stewart & Lockett,* for appellants.

*Crank & Caruthers,* for appellees.

JAMES, CHIEF JUSTICE.—It appears from evidence in the case that Geo. R. Davis and his brother, Wm. F. Davis, were partners, the latter residing in Kentucky during the events out of which this litigation grew, and the former residing in Texas and conducting the partnership affairs. That with partnership funds, George R. Davis purchased the land in controversy, in January, 1873, taking the deed in his own name. That he at the time of taking the deed and on various occasions afterward, in writing, and verbally, acknowledged that the land was joint or common property of himself and Wm. F. Davis. That he in 1877 executed a deed conveying the land to his wife, the consideration being a pre-existing debt, which deed was promptly recorded. The circumstances attending these conveyances, and the conduct of Geo. R. Davis with reference to the land, the nonresidence of his brother, and the relations of the parties, were such as would authorize the finding that the brother did not discover this conveyance to Geo. R. Davis' wife, and was excused from ascertaining same, until such time as would have prevented the bar of limitations.

This action was by Wm. F. Davis' heirs to recover one-half interest in the land, by reason of the trust above indicated, and the defenses were: Limitations, denial of partnership in this land and of the alleged trust; etc.

*Conclusions of Law.*—One of the defenses was that Geo. R. Davis bought this land with his individual money, and he introduced evidence to show that he had paid for it with certain money which he had individually borrowed in Galveston, without security, and which he afterwards individually repaid. As defendant's testimony on this matter stood, his ability to borrow such sum of money was relevant, and his solvency therefore an issue.

The first assignment complains of the testimony of Mrs. Sweeney and Mr. Gaines on this subject as being a mere conclusion of the witnesses. Mrs. Sweeney testified thus: "I know the financial condition of Geo. R. Davis when he came to Texas in 1869 and in 1877. He had nothing then, and he had nothing since." The assignment as to her testimony is not sustained. Gaines in his testimony stated facts showing insolvency, and his additional statement in the same connection that Davis was insolvent was harmless. Smith v. Eckford, 18 S. W. Rep., 214. Burrow v. Zapp, 69 Texas, 476.

In reference to the tenth assignment, one of the defendant's theories of the defense of limitations was that the taking of the deed in his own name, on purchasing it with joint funds, was fraudulent, and made it a

constructive trust in Geo. R. Davis, and no repudiation was necessary in such a case to start the statute from the date of the deed or from such time as the fact might have been discovered with reasonable diligence. The court presented this theory to the jury as follows:

"If from the evidence you find that the land sued for was bought by Geo. R. Davis with funds which belonged jointly to himself and W. F. Davis, and that the deed to said property was wrongfully taken in his own name by Geo. R. Davis, and that said property was held and claimed by Geo. R. Davis, then and thereafter as his own property, and that he neither then nor thereafter recognized any title to said property in either W. F. Davis or his heirs, and also that he had no authority either actual or growing out of the business relations existing between himself and W. F. Davis to take the deed in his own name, then if you so find the taking of said deed in his own name was from the date of said deed an unlawful act, limitation will in such event run from that date, and you will (if you so find) find for defendants, as the plaintiffs' cause of action will be barred by the statutes of limitation."

The charge was all that appellant could have desired, except perhaps the clause, "and also that he had no authority either actual or growing out of the business relations existing between himself and W. F. Davis, to take the deed in his own name." There would be error in this clause if, as appellants contend, there was no evidence showing an understanding or authority in Davis to so take the deed, and therefore no such issue in the case. Be this as it may, appellants can not complain of the presence of such clause in the charge. They asked a charge (number 3) designed to present this theory of the defense, in which the court was asked to submit the said issue. The said refused charge expresses substantially the same idea in these words: "And if you further believe that George R. Davis took the deed to said property in his own name without the knowledge or consent of Wm. F. Davis and contrary to their agreement, then," etc. The court refused said requested charge, but evidently framed the charge given with reference to it. Defendants having suggested the issue, and requested it to be submitted, can not complain. Railway v. Sein, 89 Texas, 63.

The fifteenth assignment complains of the refusal of said special charge number 3. The proposition under this assignment is that in cases of fraud limitation commences to run from the time the fraud was committed, unless the fraud be concealed so that the use of ordinary diligence would not discover it, and then limitations would run from the time it is discovered, or by the exercise of ordinary diligence could have been discovered. The proposition is sound. But no harm has resulted to defendants from the refusal of this charge. The fraud in the case, if any, consisted of the taking of the deed in Geo. R. Davis' name, when the purchase was made with joint funds. The sixth clause of the court's charge directed a verdict for defendants, if the funds used were Davis' own funds, and it is evident, therefore, that the jury on a proper charge found the fact that the purchase money was joint funds. The only evi-

dence of concealment in the case was that Davis did not claim the property as his own, but by letters and admissions treated it as joint property, and this issue the court submitted in the third clause of its charge. This charge of the court submitted all the issues referred to in the refused charge, viz, fraud, which is defined in both to be purchasing the property with joint funds, and taking the deed in Davis' own name, without authority from Wm. F. Davis and contrary to their agreement or understanding; and the issue of concealment. The charge given amounts to this: That if the taking of the deed was not fraudulent, and Geo. R. Davis did not recognize his brother's title at the time or thereafter, then plaintiffs would be barred. It seems to us, therefore, that the charge asked for was substantially given. Also that from the form of the charge given the jury must have found the taking of the deed fraudulent, and that Davis did not hold and claim the property then and thereafter as his own. In other words, it is evident that the jury upon a proper charge, or one of which defendants have no cause to complain, found that Davis then and thereafter recognized his brother's title, and upon this state of case limitations would run only from some act of repudiation.

The evidence shows an act of repudiation occurring in 1877, by the conveyance of the tract by Geo. R. Davis to his wife, the deed being, as stated, at once placed on record. Neither this or another act of repudiation would start the statute to run until the party affected knew of it, or until the circumstances reasonably charged him with knowledge of it.

In this connection appellants complain that the court did not define repudiation. No such matter was asked. The special charges numbers 6 and 7 referred to as doing this were palpably erroneous and properly refused. They asked the court to declare absolutely that limitations ran from the recording of the deed from Davis to his wife. These charges did not amount to a request for a definition of repudiation.

If defendants now insist that, after the deed from Davis to his wife, she could not be bound by anything Davis did, and therefore the court's charge was erroneous, they are confronted by the fact that such matter is not the subject of any assignment. It is mentioned in the brief only in the remarks under the assignment that the court failed to define repudiation.

We think there was no error in refusing, in this case, a charge on the burden of proof. Blum v. Strong, 71 Texas, 324; Anderson v. Baird, 40 S. W. Rep., 923; Railway v. Dotson, 15 Texas Civ. App., 73.

There was no error in refusing a new trial for the alleged newly discovered evidence. An examination of the many assignments has convinced us that those we have noticed are all that require discussion or explanation. The judgment is affirmed.

*Affirmed.*

Writ of error refused.