## TOKIO MARINE & FIRE INS. CO. v. ALDRIDGE et al. (No. 3183.)

Court of Civil Appeals of Texas. Amarillo. May 29, 1929.

Rehearing Denied June 26, 1929. Application for Writ of Error Refused Nov. 13, 1929.

C. P. Thompson and Baskett & De Lee, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

JACKSON, J. This suit was instituted in the district court of Dallas county, Texas, by the plaintiff, Rosa L. Aldridge, a widow, against the defendant, Tokio Marine & Fire Insurance Company. The defendant urged a plea of nonjoinder, alleging in such plea that the policy sued on was made payable, in the event of loss or damage, to Frank B. Dunlap, trustee, as his interest may appear, and such trustee was a necessary party in the case. The court sustained defendant's plea of nonjoinder, and Frank B. Dunlap was permitted to intervene, and he and the original plaintiff, Rosa L. Aldridge, by an amended petition, and as plaintiffs, allege:

That they are both resident citizens of Dallas county, Texas, and that the defendant is a foreign private corporation with a permit to do business in Texas. That about January 28, 1926, the defendant issued to Rosa L. Aldridge its policy of insurance covering her house at 1324 South Henderson street, in the city of Dallas. That by the terms of said policy the defendant contracted with said plaintiff that, in the event of injury or damage to said house as a result of wind, cyclone, or tornado, the defendant would pay to said plaintiff all damages occasioned thereby, not to exceed the sum of $1,500. That said plaintiff paid the premiums for said insurance, and the policy was in full force and effect on May 8, 1926, on which date said house of said plaintiff was damaged by a terrific windstorm, cyclone, and tornado. That the wind blew the house off of its blocks, tore it into two sections, twisted, warped, and broke the timbers, and splintered the plank out of which the house was constructed, blew off a large portion of the roof, and destroyed the flues, plumbing, and hot-water heater. That the storm was accompanied by rain, and water ran in at the openings caused by the damage done to the house by the wind, and ruined the canvas and paper on the inside walls, and damaged the work on the interior of said house. That immediately preceding said storm her house was in excellent condition and in good repair, but it was so injured and damaged by this storm that the cash market value of said house was reduced by the sum of $2,000. That the plaintiffs do not know the actual cash value of the house before and after the windstorm, cyclone, and tornado, but that the difference in the actual cash value of said house immediately before and immediately after the injuries which said storm did to said house is the sum of $2,000, the actual cash value being reduced $2,000 as a direct and proximate result of said windstorm, cyclone, and tornado. That it would have reasonably cost the sum of $2,000 to repair the damages and injuries to said house with material of a like kind and quality as that out of which said house was constructed, and that plaintiff is entitled to recover and sues for the full amount of said policy, which is $1,500.

Plaintiffs further allege: That they have pleaded the kind, character, and nature of the injuries and damages to said house as fully as they can, because neither of said plaintiffs is acquainted with the various terms and technical names of material, lumber, and work, but they are ordinary laymen, and that their allegations with reference to such damages are as full and specific as they are able to make them. That, while said house was in its damaged and injured condition, they notified the defendant and its agents, and said agents went to and upon the premises and inspected the house and its damaged condition, and the defendants are fully aware of each and every kind and character of such injuries and damages. Plaintiffs allege: That Mrs. Rosa L. Aldridge is the owner of the house and premises, and that a lien in the sum of $2,000 exists against said premises, which lien is owned by the Mortgage Security Company, and that Frank B. Dunlap is the trustee of said company, with the power to sell the premises in default of the payment of said indebtedness, and that the policy is payable to Rosa L. Aldridge and to Frank B. Dunlap, trustee, as such interest may appear. That, subsequent to the damages and injuries to the house, Rosa L. Aldridge restored and repaired it sufficiently to protect the interest of the lienholder, and that Frank B. Dunlap, with the consent and under the instruction of the Mortgage Security Company, has waived any and all claims or right to any part of the recovery in this suit. That Rosa L. Aldridge has complied with all the conditions, terms, and stipulations of the policy of insurance, paid the premiums, given notice and proof of loss. That after giving such notice she was advised that the defendant would investigate the claim, and thereafter said defendant denied all liability by virtue of said policy, and refused to pay plaintiff any sum of mon-

ey whatsoever. She then pleads demand, and asks for penalty and attorney's fees. She also alleges that she is not in possession of the policy, but that it is either lost or in the possession of the defendant.

The defendant, in addition to its plea of nonjoinder, answered by general demurrer, numerous special exceptions, general denial, and specially pleaded that, if any injury or damage occurred to the house involved, it was not occasioned by either a windstorm, cyclone, or tornado, but that such injury and damage occurred, if at all, by hail and hail driven by wind; that the policy of insurance sued upon provides that the defendant will not be liable for any loss or damage by hail, whether driven by wind or not, and in this connection defendant says that on May 8, 1926, there was a terrific hailstorm in the city of Dallas and within that vicinity, of unusual size and weight, and fell with unusual force and violence; that said house was within said hailstorm and the territory covered thereby; that there was no severe windstorm, cyclone, or tornado visiting said territory at that time, and that, if the house was injured in any of the particulars as alleged, such injury was caused, not by a windstorm, cyclone, or tornado, but was caused by the impact of hail and hail driven by wind, and the defendant is not liable for such injuries. The defendant also alleges that, if the house sustained the damages and injuries as alleged, the policy provides that the loss or damage should be paid to Frank B. Dunlap, and the defendant is liable by reason of such provision in the policy to Frank B. Dunlap, and not to the plaintiff.

In response to special issues submitted by the court, the jury found, in effect, that the house in question sustained damages as a direct and proximate result of a windstorm, cyclone, or tornado, on May 8, 1926; that the actual cash value of the house immediately prior to the storm was $2,800; that the actual cash value of the house immediately after the storm was $1,000; that the depreciation in the actual cash value of the house, resulting directly from the force of the wind, was $1,675, and the depreciation in the actual cash value of the house resulting directly from the hail was $125; that it would reasonably cost the sum of $1,800 to repair the damage done to the house by the storm; that it would reasonably cost $1,675 to repair the damage done to the house by the wind.

. On these findings the court rendered a judgment in favor of the plaintiff Rosa L. Aldridge and against the defendant for the sum of $1,500, with interest thereon from July 8, 1926, at the rate of 6 per cent. per annum, aggregating the sum of $1,642.50, with interest on said amount at the rate of 6 per cent. per annum from the date of the judgment until paid; that the plaintiff Frank B. Dunlap take nothing by reason of his intervention, and the defendant be and is discharged from any and all liability to Frank B. Dunlap by reason of the policy sued upon, from which judgment this appeal is prosecuted.

The provisions of the policy that are material to a consideration of this appeal stipulate that the Tokio Marine & Fire Insurance Company, "in consideration of the stipulations herein named and of three and no/100 dollars premium, does insure Mrs. Rosa L. Aldridge and legal representatives to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage, * * * against all direct loss and damage by windstorm, cyclone and tornado, except as herein provided, to an amount not exceeding $1,500.-00, on the following described property. * * * The one-story shingle-roof building and inclosed additions adjoining and connecting, including the heating and lighting apparatus and all permanent fixtures while occupied as a dwelling," etc.

."It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held to be payable to Frank B. Dunlap, trustee, as interest may appear, subject, however, to all of the terms and conditions of this policy."

"This company shall not be liable for any loss or damage caused by water or rain, whether driven by wind or not, unless the building described or containing the property described, shall first sustain an actual damage to the roof or walls by the direct force of the wind, and shall then be liable only for such damage to the interior of the building or the described property therein, as may be caused by water or rain entering the building through the openings in roof or walls made by direct action of the wind."

"This company shall not be liable for any loss or damage caused by hail, whether driven by wind or not."

The appellant presents as error the action of the trial court in overruling its special exception to plaintiff's pleading, because the petition attempted to set up certain different items of injury but failed to set out the extent of the damage occasioned by each of said items. The appellee sought a recovery for the injury and damage to the entire building, and the contract of insurance covered damage to the building as a whole.

"Where by reason of a certain wrong or from the breach of a contract the law would impute certain damages as the natural, necessary and logical consequences of the acts of defendant, such damages need not be specifically set forth in the complaint, but are, upon a proper averment of such breach or wrong, recoverable under a claim for damages generally." 17 C. J. 1001.

"It is unnecessary, in most cases where the

demand is unliquidated and sounds wholly in damages, and where there is but a single cause of action, to state specifically, and in amounts, the different elements or items which go to make up the sum total of the damages. It is enough to claim so much in gross damages for the wrong done." 17 C. J. 999.

In Gulf, C. & S. F. Ry. Co. v. Pool, 70 Tex. 713, 8 S. W. 535, 536, the Supreme Court says: "The special exceptions applied to the details given, which might have been omitted; but their presence, as indicating the scope of the testimony to be introduced, could have been of no injury to the defendant. There was no material error, then, in overruling the exceptions." See, also, Tandy v. Fowler (Tex. Civ. App.) 150 S. W. 481. This assignment is overruled. .

The appellant presents as error the action of the trial court in overruling the other special exceptions to the petition of plaintiff, because the allegation that the injury and damage to the house had reduced its value $2,000, and the allegation that its reasonable cash market value was $2,000 less immediately after the storm than it was before, do not state the true measure of damages; because the cash value of said house at the time of the alleged injuries is nowhere alleged, and the appellee's interest in said house is nowhere alleged. The appellee alleged that she did not know the cash market value of the house immediately before and immediately after the injuries caused by the storm. In addition to her other allegations, she states that the reasonable cost to repair the damages and injuries done by the storm was $2,000. She sufficiently alleges the ownership of the property.

The damages alleged were recoverable, and it is not always necessary to plead a specific rule for the measure of damages; but, if the facts are pleaded that entitle a party to recover and the amount claimed is stated, the court will apply the correct measure of damages called for by the evidence. Davis, Federal Agent, v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 593, and authorities cited. Under the provisions of the policy, the appellee's house was insured to the extent of its actual cash value, but not exceeding the amount it would cost to repair it with material of like kind and quality, but the amount of her recovery in any event is limited to $1,500. These assignments cannot be sustained.

The appellant assails as error the action of the trial court in refusing to submit certain special issues requested by it, and states in its propositions that it "presented to the court in writing a charge consisting of 14 special issues and asked that same be given in charge to the jury. Said issues submitted the several items of injury to said house as pleaded by plaintiff in her second amended original petition, and asked the jury to determine whether or not the house in question sustained that special item of injury was caused with material of a like kind and quality within a reasonable time after such damages." This proposition does not require consideration.

Appellant challenges as error the action of the trial court in refusing to submit special issues requested by it, and also presents as error the action of the trial court in overruling various exceptions and objections to the issues submitted by the court in his main charge. We will not discuss each of these assignments separately, as an examination of the special issues requested discloses that, as requested, such issues were either duplicitous on the weight of the testimony, or submitted an evidentiary question, or was sufficiently covered in the court's main charge.

Appellant objected to the issue submitted by the court, asking the jury to determine what part of the depreciation in the actual cash market value of the house, if any, was the direct and proximate result of the windstorm, and what part, if any, was the direct and proximate result of the hail, because such issue was immaterial, and was not the proper measure of damages, and was calculated to mislead the jury. It also objected to the submission of this and other issues submitted by the court, for the reason that the testimony was insufficient to warrant the submission of any of such issues to the jury. Under the pleadings, the testimony, and the stipulations of the insurance policy, the submission of such issues by the court was not error, and, without entering into a discussion of the testimony, it is, in our opinion, ample to authorize the submission of the issues contained in the court's main charge to the jury, and to warrant the findings of the jury thereon.

The appellant urges as error the action of the trial court in permitting the witness J. J. Matlock, after he had qualified, to testify that in his opinion the value of the house after the storm was not more than $1,000. The appellant objected to this testimony, because it was not admissible under the pleadings, was immaterial, and the value of the house immediately before and immediately after the storm was not the criterion to determine the extent of the damage to the house. Under the stipulations of the policy, that the actual cash value of the house should be established with proper deductions for its depreciation, this testimony was, in our opinion, admissible.

The appellant urges as error the action of the court in permitting the witnesses J. J. Matlock, J. S. Both, and E. A. Wilson to testify that the house was damaged by the windstorm and not by the foundation of the house settling. The objections to this testimony were that the witnesses were not qualified, and that the issue as to how the house was damaged was one to be determined by the jury, and not a question upon which expert

testimony was admissible to aid the jury in reaching its verdict. Each of these witnesses testified that he had had years of experience, as a builder, contractor, or carpenter, in building and repairing houses; that each had examined and repaired houses that had been damaged by the settling of the foundations, and had had some experience in repairing houses injured by windstorms. We think the witnesses were each sufficiently qualified to give an opinion.

The appellee alleged that the windstorm blew the house off of its blocks, or partly so, tore the house into two sections, warped the timbers, splintered the lumber, blew off a large part of the roof, and injured and destroyed the plumbing, flues, and hot-water heater. The appellant, under its general denial, endeavored to show that the settling of the foundation of the house caused the injuries thereto alleged by appellee. It thereby attacked the construction of the building, and endeavored, by the testimony, to show that the house was defectively constructed.

The testimony is uncontradicted that the house was substantially constructed; that immediately preceding the storm the house was in first-class repair, setting properly on its foundation, the floors level, the plumbing in good condition; that the house was in one part, and not in two sections; that there was no leak in the roof; in fact, the witnesses stated that the house was in perfect repair; that, immediately after the storm, the house was in the condition alleged in appellee's petition; that these witnesses each carefully examined and inspected the house after the windstorm; that there was a crack about three inches wide in the floor, separating the house into two parts, and a similar crack in the ceiling and roof; that the floor was up and down, the doors would not close, and a large portion of the roof was blown off, the plumbing broken and destroyed, the walls out of plumb, etc.; that the windstorm was sufficiently severe to blow down a tree about one foot in diameter growing in the back yard and uproot it; that the wind preceded the rain, and the rain preceded the hail, which fell.

"It is a general rule that the opinions of experts as to the cause of a peculiar occurrence or accident are admissible, where the subject-matter is not one of common observation or interest. In other words, such opinions are admissible where the witnesses, because of peculiar knowledge, are competent to reach an intelligent conclusion, but inexperienced persons are likely to prove incapable of forming a correct judgment without skilled assistance. To illustrate, opinions of experts have been admitted to show the cause of collapse of a building." Jones on Evidence (2d Ed.) vol. 3, p. 2402, § 1313; Quigley v. Johns Manufacturing Co., 26 App. Div. 434, 50 N. Y. S. 98.

The rule is that, if the conditions are such that they can be made plain, distinct, and obvious, and the conclusions to be drawn therefrom are matters of common knowledge, then it is the province of the jury to form their own opinions; but if the conditions are such, concerning which an opinion is expressed, requiring peculiar knowledge, such conditions may be testified to by an expert. Dunlap Hardware Co. v. E. F. Elmberg Co. (Tex. Civ. App.) 252 S. W. 1098. In the case of Fort Worth & Denver City Ry. Co. v. Thompson, 75 Tex. 501, 12 S. W. 742, the Supreme Court holds that a railroad brakeman, who has personally investigated the events connected with the derailment of a car, may give his opinion as to the cause of such derailment.

An experienced contractor, who has examined the work on a house, may testify that the work was not performed in a workmanlike manner. Dupuy et ux. v. Shilling et al. (Tex. Civ. App.) 298 S. W. 934. Appellant in this case would have been permitted to have shown, if it could, that the cause of the injury to the house was the settling of the foundation, faulty construction, and we think the witnesses were properly permitted to say that the injury to the house was not due to the settling of the foundation, faulty construction, but was, in their opinion, caused by the force of the wind. Morten Inv. Co. v. Trevey et al. (Tex. Civ. App.) 8 S.W.(2d) 527; Humble Oil & Ref. Co. v. Strauss et al. (Tex. Civ. App.) 243 S. W. 528.

Under the facts revealed by this record, we think it conclusive that the moving of the house on its foundation, its separation into two sections, the warping of the timbers, the breaking of the pipes and the plumbing system, etc., was due to the force of the wind, as none of these injuries existed immediately before the windstorm struck the house, and all of them were apparent immediately after the storm. Each of these witnesses stated the facts upon which he based his opinion, and the conclusions stated by the witnesses are those which must necessarily be drawn from the facts stated, and the admission of the testimony, if error, was not reversible error. Missouri, K. & T. Ry. Co. v. McElree, 16 Tex. Civ. App. 182, 41 S. W. 843 (writ refused); Davis v. Davis, 20 Tex. Civ. App. 310, 49 S. W. 726 (writ refused); Taylor, B. & H. R. Co. v. Warner (Tex. Civ. App.) 60 S. W. 442 (writ refused).

Appellant's contention relative to the trial court committing error in permitting Frank B. Dunlap, the trustee of the mortgage company, to intervene in the suit, join in the case as a plaintiff, and be represented by appellee's attorney, is not tenable.

We have considered carefully all of appellant's 35 assignments, and, in our opinion, none of them disclose reversible error, and the judgment is affirmed.