## COSTLEY v. GRACY.
### No. 7703.

Court of Civil Appeals of Texas. Austin.
July 6, 1932.

Shelton & Shelton, A. M. Felts, and J. W. Wheeler, all of Austin, for plaintiff in error.

Hart, Patterson & Hart, of Austin, for defendant in error.

BAUGH, J.

■ Suit by John A. Gracy, temporary administrator of the estate of Mrs. M. P. Goodloe, deceased, against J. L. Costley and Stark Washington for moneys collected by them but not paid to her on notes claimed to be owned by her. Trial was to the court without a jury, judgment in favor of Washington, but against Costley for $2,847, from which he has appealed. No findings of fact or conclusions of law by the trial court are presented. The only material issue presented is whether the statutes of limitation apply to the debt sued upon. While the evidence on some of the fact issues made is conflicting, we must look only to that in support of the court's judgment. Considered most favorably in its support, the following facts, in substance, appear:

Mrs. Goodloe was the sister of Stark Washington. Costley was their nephew. Washington was loaning out and investing Mrs. Goodloe's money for her. In October, 1912, Washington purchased with Mrs. Goodloe's money from Costley three vendor's lien notes for $1,000 each, dated July 20, 1911, maturing respectively in three, four, and five years. These notes had by recorded transfer been assigned by the payee, W. H. Peaden, to Costley, and their payment secured by a lien upon land in Hays county, Tex. Costley at that time was officing with Washington in Austin, Tex., and looking after the latter's business affairs. He merely indorsed these notes to Washington for Mrs. Goodloe, without written transfer. Subsequently Washington redelivered these notes to Costley for collection, the proceeds to be paid to him for Mrs. Goodloe. Costley collected note No. 1 in November, 1917, and collected and remitted interest on all of said notes to Washington for Mrs. Goodloe up to January 2, 1924. Meantime, however, the land in Hays county had been sold and the purchasers had assumed payment of these notes; and on September 1, 1920, one Goldgraber, who then owned the land, entered into a renewal and extension of the two remaining notes with Costley in which Costley accepted Goldgraber's new obligation for $2,000 due September 1, 1925, in lieu of the Peaden notes. This new note was made to Costley as payee, and was paid to him in full in November, 1924,

at which time Costley executed a release of all of said notes. This release was placed of record in Hays county a few days thereafter. There is no evidence that Costley ever informed either Washington or Mrs. Goodloe that he had collected said notes, or that he ever claimed the proceeds of such collection as his own. The contrary may be inferred from the evidence. Costley and Washington ceased to office together in 1921, when Costley moved to Dallas, where he has since resided and so resided when he collected and released the notes. Letters from Washington to him in April, 1927, disclose a request for payment of interest on the Goldgraber note, for a settlement of all Mrs. Goodloe's matters, and show special confidence reposed by Washington in Costley in handling these matters.

■ It may be conceded that, when these notes were originally placed in Costley's hands for collection, absent any fraud on his part, he served in the capacity of agent for the owner for that purpose; and his failure to pay over the moneys due and collected thereon might be referable to the rules of agency and accountability to his principal. But, when these notes were in danger of being barred by limitation and a new owner of the land had assumed their payment, Costley entered into a new agreement with him and took a new obligation payable to himself. Under such circumstances, he became a trustee for Mrs. Goodloe, whose money it was, as to this new note which was subsequently paid, just as much so as if he had collected the old notes in cash and invested the money in a new note payable to himself, or had purchased land with such proceeds, taking title in his own name. Not only so, but a relationship of special trust and confidence existed between him and Washington who was acting for Mrs. Goodloe. The record reflects that both of these parties were getting old and lived in Austin. Costley was active and lived in Dallas.

■ Being the trustee of Mrs. Goodloe in the premises, before limitation would run in his behalf for his default in paying to her, or to Washington for her, the proceeds collected, he must have repudiated his trust, and notice, either actual or constructive, of such repudiation have been brought home to her. And, if he acted fraudulently in the premises, limitation would be tolled until such fraud were discovered, or ought in the exercise of reasonable diligence, under the circumstances, to have been discovered. Burney v. Burney (Tex. Civ. App.) 261 S. W. 182, 185. And, where special confidence is reposed in the trustee, and a fiduciary relationship exists, as occurred in this case, diligence does not exact as prompt and searching inquiry into the conduct of the trustee as if strangers were involved or parties on equal terms were dealing with each other at arm's length. The record discloses that Washington as late as April, 1927, did not know that Costley had collected the Goldgraber note. Suit was filed herein in December, 1929. The note was paid in November, 1924. Under all the circumstances, therefore, we are not prepared to say that there was no evidence to sustain a finding of the trial court, which we must presume in support of the judgment, that Washington and Mrs. Goodloe were guilty of negligence in not sooner discovering Costley's fraud.

■ Nor do we agree with plaintiff in error that placing the release of these notes of record in Hays county was constructive notice to Mrs. Goodloe that they had been paid. Such instruments, under the registration statutes, constitute constructive notice only to subsequent claimants in the chain of title to the land; not to prior claimants whose rights with reference thereto are already vested. R. S. art. 6646; White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875; Brown v. Ackerman (Tex. Com. App.) 17 S.W.(2d) 771. Nor does the notice prescribed in the registration statute apply to equitable titles or trusts. Davis v. Davis, 20 Tex. Civ. App. 310, 49 S. W. 726; Briggs v. McBride (Tex. Civ. App.) 190 S. W. 1123, 1126. The recording of Costley's release in Hays county did not constitute notice to Mrs. Goodloe, therefore, of the facts recited.

■ Appellant next contends that he had no dealings with Mrs. Goodloe personally, that Washington's agency was one requiring the exercise of skill and discretion, which could not be delegated, and that consequently Washington had no authority to make him agent of Mrs. Goodloe. There is no merit in this contention. The evidence was ample to show that Costley knew the facts and relationship above stated; and that he knew he had received Mrs. Goodloe's money. He is estopped to take advantage of his own wrong to question the authority of Washington to vest in him such trusteeship, if it be construed as an express trust. And, if it be a trust imposed by law under the facts, the agency of Washington in the premises becomes immaterial; or at least would be a matter of which only Mrs. Goodloe or an innocent purchaser might complain. 2 C. J. 466; 2 Tex. Jur. § 183, p. 596.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.