## CHANOWSKY v. FRIEDMAN.
### No. 13562.

Court of Civil Appeals of Texas. Fort Worth.

June 18, 1937.

Rehearing Denied Sept. 10, 1937.

Massingill & Belew, H. S. Hill, and Burton B. Paddock, and Martin & Moore, all of Fort Worth, for plaintiff in error.

Arthur Haddaway and Rogers & Spurlock, all of Forth Worth, for defendant in error.

BROWN, Justice.

Defendant in error, Mrs. Minnie Friedman, hereinafter called appellee, brought suit in the district court of Tarrant county against plaintiff in error, J. Chanowsky, hereinafter called appellant, and alleged

in substance that she is a feme sole and the appellant's niece; that she was not trained in business matters and that for many years appellant had been her adviser in regard to the handling of her properties and moneys and investing such funds as she had for that purpose, and that in April, 1921, appellant owned shares of stock in the Texas National Bank of Fort Worth and that a certain officer in said bank extended appellant much credit and that appellant approached her and represented orally to her that such bank officer had urged him to buy capital stock in a certain bank at Arlington, Tex., which would have profitable business connections with the Texas National Bank and that such bank officer had guaranteed appellant against any loss that he might suffer by reason of the purchase of stock in said Arlington bank and that if appellee would purchase some of such bank stock the said bank officer would make the same guarantee to appellee; that appellant then and there told appellee that if she would purchase bank stock of the par value of $2,000 in said Arlington bank he would individually guarantee appellee that she would not lose any money by such investment, and that, relying upon such representation and guaranty, she purchased 20 shares of the capital stock of the said Arlington bank of the par value of $2,000; and that in 1927 an assessment was made on her and she paid the same in the sum of $882; that in 1928 she paid an additional assessment of $2,000, and that in July, 1929, said bank became insolvent and suspended business and has never paid anything to its stockholders; and that appellee not only realized no return on her investment, but lost the sum of $4,882.

Appellee further alleged that on or about the 23d day of March, 1929, the Texas National Bank filed a law suit against appellant in the district court of Tarrant county on certain promissory notes executed and delivered by appellant to said bank, the principal and interest on which, as of January 10, 1930, totaled approximately $15,756.30, and that as a defense to the payment of such obligation and as an offset to such notes and obligations appellant pleaded the guarantee of the above mentioned officer of the Texas National Bank and that same was made as an agent and representative of such bank, and that appellant further pleaded, for the purpose of defense and offset to his notes and obligations to said bank, the fact that he had

personally guaranteed to appellee that she would lose nothing by reason of the purchase of the said capital stock. Appellee further pleaded that, relying upon such defenses and offsets pleaded by appellant, the receiver of the Texas National Bank (said bank having closed its doors and gone into the hands of a receiver subsequent to the filing of the suit against appellant) made a settlement of the suit brought against appellant and settled such suit for the sum of $5,000 in cash, which sum was paid to the receiver by appellant. She further pleaded that all during the pendency of such litigation and up until some time in November, 1932, appellant represented to her that he was obligated to her for the sums of money she had so lost and that, when the defense and offset pleaded by him were established by judgment or by a settlement, he would reimburse her for such loss, and that in November, 1932, immediately after said suit was compromised and settled, appellant advised appellee that he had made money by the settlement and that as soon as the settlement was consummated and completed he would pay appellee because of her losses, and that appellant declined and refused to reimburse her.

Thus it will be seen that appellee has sought by the allegations, the substance of which we have given above, to show a trust relationship existing between appellee and appellant.

Appellant demurred generally to appellee's pleading and urged a number of special exceptions thereto; pleaded a general denial; that the cause of action was barred by limitation; that there was no consideration for any promise or guaranty; and that the right of appellee to recover is barred by the statute of frauds.

In supplemental petition appellee by appropriate averments answered appellant's pleading and pleaded estoppel on the part of appellant to deny his liability.

The case being tried to a jury, three issues were submitted, the substance of which and the findings thereon are as follows: (1) That appellant made the guaranty to appellee as alleged; (2) that in the settlement of the suit brought by the bank against appellant allowance was made to appellant because of his defense that he was indebted to appellee by reason of his guarantee to her to protect her against loss in the purchase of the Arlington bank stock: (3) that the allowance made to

754

appellant by reason of his pleading such guarantee to appellee was $4,302.52.

Judgment was rendered for appellee against appellant for the sum named, and from this judgment the appeal is taken.

There are eleven assignments of error brought forward.

■ The first five assignments of error complain of the trial court overruling appellant's special exceptions addressed to appellee's pleading. We believe that the special exceptions are not well taken and that the allegations of appellee's pleadings are sufficient to show a trust relationship.

■ A trust ex maleficio is a constructive trust which arises out of some fraud, misconduct, or breach of faith on the part of a person to be charged as trustee, which renders it an equitable necessity that a trust should be implied. Yarborough v. Tolbert (Tex.Civ.App.) 282 S.W. 302.

The trust which arises under the established facts in this case is not unlike that found in the case of Costley v. Gracy (Tex. Civ.App.) 52 S.W.(2d) 920. In that case a brother who invested his sister's money in notes, delivered them to a nephew, who was looking after his uncle's affairs, for collection, and the nephew, just prior to the original notes being barred, took new notes payable to himself in lieu of the old notes; and it was there justly held that the nephew held the proceeds of the new notes as a trustee.

■ During the course of the trial there was introduced in evidence the answer prepared for appellant as his defense to the suit brought against him by the Texas National Bank. This document showed that appellant had pleaded his guarantee against loss to appellee as a defense or offset to the claim of the bank against him. The allegations in such instrument were admissions against interest, and we overrule the sixth assignment of error complaining of the introduction of the same in evidence over appellant's objection.

■ In the bank's suit appellant and his wife were both made parties defendant, and their answers, with some exception, were identical. We see no error in the introduction in evidence of Mrs. Chanowsky's answer, and the seventh assignment of error is overruled.

■ The eighth assignment of error complains of the trial court not sustaining appellant's plea of limitation. Limitation did not begin to run until appellant repudiated the trust, and the suit was brought less than two years after appellant settled and compromised the case filed against him and his wife by the bank. Costley v. Gracy, supra.

■ The ninth assignment of error complains that issue No. 3 should not have been submitted to the jury because there was no evidence as to what amount of money was allowed to appellant in the compromise settlement by reason of appellant's pleading his guarantee to appellee, and the tenth assignment of error complains that the verdict of the jury on issue No. 3 is unsupported by any evidence. We overrule these assignments of error because there is evidence to support the giving of the issue and the verdict. Without going into all of the evidence found in a voluminous statement of facts, we call attention to the written settlement agreement which describes the indebtedness due by appellant to the Texas National Bank as three notes, one in the sum of $13,500, dated September 11, 1928, having a credit of $5,500; one in the sum of $3,000, dated December 10, 1928; and one in the sum of $1,500, dated January 21, 1929. When we take the amount of the indebtedness sued upon and deduct from that the amount of cash paid by appellant in full settlement, it is not difficult to see how the jury could take the fractional portion that appellant's guarantee to appellee bears to the sum saved by appellant in the settlement and arrive at the figures found in the verdict.

■ Furthermore, we are of opinion that this case presents, in substance, the commingling of trust funds with those of the trustee, and that the burden is upon the trustee to distinguish and separate that which is his own. 65 Corpus Juris p. 972, par. 899, and notes thereunder, in which there are many cases cited, including Texas cases.

■ The eleventh assignment of error complains that the trial court should not have rendered judgment for appellee in the sum of money found by the jury, because there was no finding by the jury that appellant had agreed to pay appellee any sum allowed him in the settlement by reason of his guarantee to her. We find no merit in this assignment of error because the trust relationship arose, and appellant owed such sum to appellee even if he had never promised to pay the same to her. Here we find appellant, who oc-

cupies a fiduciary relationship to appellee, acquiring a personal profit or advantage by reason of the facts alleged and established by appellee, and undoubtedly the trust relationship arises as a matter of equity regardless of appellant's promise or failure to promise or refusal to promise to pay or reimburse appellee.

All assignments of error are overruled, and the judgment of the trial court is affirmed.