**ROYAL INDEMNITY COMPANY,**
Appellant,

v.

**B. D. CARLTON, Appellee.**

**No. 499.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 9, 1971.

Rehearing Denied June 30, 1971.

Thomas E. Giles, Ross, Griggs & Harrison, Houston, for appellant.

Dale Harvill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

BARRON, Justice.

This action was filed by B. D. Carlton, plaintiff, against Royal Indemnity Company, defendant, in the District Court of Brazoria County, Texas. An Allis-Chalmers bulldozer tractor belonging to plaintiff was insured under a policy of fire insurance issued by defendant. During the policy period the tractor was allegedly destroyed by fire. In the trial court the defendant stipulated to liability under the policy, leaving only the amount of the loss to be tried to the jury. After a jury trial, the trial court rendered judgment in favor of plaintiff, Carlton, in the sum of $23,000.00, the face and maximum amount of the policy.

In response to special issues submitted, the jury found that the reasonable cost of repairs necessary to restore B. D. Carlton's tractor to the condition in which it was immediately before the fire was $26,512.00. By special issue number two, the jury found that the loss of market value of the tractor caused by the fire was $25,875.00. These figures being above the maximum amount of the fire insurance policy, the trial court's judgment included the lesser or policy figure of $23,000.00. Royal Indemnity Company is appellant here.

Appellant's contentions seem to be that the appellee's prayer for the face amount of the policy, and appellant's objections to the court's charge on the ground that the special issues did not inquire about matters as to which issues were raised by the pleadings, and that the answers to the special issues were legally insufficient to support a judgment for appellee since the special issues allegedly had no legal significance, results in the rule as announced by the Supreme Court in Houston Fire and Casualty Insurance Company v. Nichols, 435 S.W.2d 140 (Tex.), as being controlling in the present case. Appellant contends that appellee was required to prove the actual cash value of the personal property in question before the fire in order to establish his prima facie case, and that the special issues actually submitted were not raised by either the pleadings or the evidence and were not material or ultimate issues in this case. Motion for judgment non obstante veredicto under Rule 301, Texas Rules of Civil Procedure, and motion for new trial were filed by appellant. Appellant answered by general denial and pled no exceptions, exclusions, or conditions of the policy.

■ There was ample evidence to support the judgment of the trial court. Alvin Schilhab testified that he was products service manager for Mustang Tractor Company in El Campo. After fully qualifying himself to testify, he estimated the reasonable cost of repair of the tractor to be $26,512.00 resulting from the fire damage. The tractor weighed approximately 55,000 pounds. He testified in detail concerning the specific damage done to the tractor by the fire. The appellee, Carlton, had been in the land clearing business for a number of years where it was necessary for him to buy and sell tractors. He had knowledge concerning the value of tractors of the type involved. The tractor in question was in good condition before the fire, and its value before the fire was $30,000.00. The tractor in its condition following the fire was worth $0.75 per hundred pounds if sold for junk.

Appellee pleaded that Mr. Carlton lost his bulldozer and equipment by fire in June, 1969; and this loss came within the

**408**

terms or coverage of the policy issued by appellant; and such policy, which was introduced into evidence, was made a part of the petition and incorporated therein for all purposes.

■ The pleadings of the appellee were sufficient for the purposes of this suit, particularly in the absence of special exceptions. They were sufficient to permit proof of the loss under the insurance policy and were sufficient to support issues submitted under the policy. Aetna Casualty and Surety Company v. Clark, 427 S. W.2d 649 (Tex.Civ.App.), no writ; Tokio Marine & Fire Ins. Co. v. Aldridge, 21 S. W.2d 547 (Tex.Civ.App.), writ ref.; Rule 59, T.R.C.P. We overrule appellant's contentions concerning the pleadings.

The case of Houston Fire and Casualty Insurance Company v. Nichols, supra, is not here controlling or applicable. In that case, there was no evidence in the record to support the jury's answers to the damage issue. The Supreme Court held that in the absence of a *valued* contract or an agreement by the parties concerning value of the subject matter of the insurance, there must be evidence to support the jury's findings of value when dealing with personal property. In the instant case the proof is clear and undisputed and fully sufficient to support the jury's findings of market value. Appellant's pleadings and proof showing a loss of more than the face value of the policy of insurance is immaterial to any defense, and if necessary, we deem that the trial court found the cash value of the tractor under the undisputed evidence to be $30,000.00 before the fire. Rule 279, T.R.C.P. No particular form of special issue was requested by appellant and the form or omission of issues was not objected to.

Under Condition Number 4 appellant's policy states:

"Valuation. The Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage

shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however, caused, and shall in no event exceed what it would then cost to repair or replace the same with material of like kind and quality."

We believe the appellee, Carlton, has met his burden of proof under sufficient pleadings, and that the trial court properly rendered judgment in favor of appellee.

The judgment of the trial court is affirmed.